Good morning. May it please the Court. My name is Suzanne Elliott. I'm here on behalf of Mr. Heppard, and I would like to reserve three minutes for rebuttal. Thank you. The primary issue in this case is whether Petitioner is entitled to an evidentiary hearing on his claim that trial counsel was ineffective when he failed to timely file a motion related to reported juror misconduct. This is a question that even the Washington appellate courts deemed a close call in denying Mr. Heppard an evidentiary hearing. There are two important undisputed facts in this case. The first is that Heppard's counsel did make a motion for new trial in the trial court too late, beyond the 10-day timeframe set forth under the rules. I gather that's a jurisdictional requirement. Well, I think that there was a basis for him to move to reconsider. The record is not clear. He never did. He gave up. I don't believe it to be a jurisdictional requirement when there is a claim of constitutional or an unconstitutional bias among the jurors. But that was the basis on which the trial court denied the motion, but not on the merits. There is, of course, some dispute about when trial counsel knew. One of the uninvestigated factual disputes in this case is when did Mr. Heppard's trial counsel know of the juror misconduct? In fact, I think if he had known well in advance of the 10-day timeframe, it was absolutely inexcusable, as the magistrate first found in this case. If he didn't know until the day before he made the motion, then why didn't he raise that issue with the trial court? Why didn't he say, I move for an extension of this time period because I only got this information yesterday? He did, in fact, say that he had just recently received the information and doesn't the evidence in the record corroborate that the person who told him about the alleged statement testified or says that he told him after the trial. He didn't talk to him about it until after the trial. I, Your Honor, I would say that it's disputed. At least one witness said, I didn't tell. There were two fathers involved. They were co-defendants. One father indicates that he went immediately to his son's trial attorney and told that person. The other father says, I learned about it well in advance of the end of the trial and told Mr. Bruner. Mr. Bruner did state to the court that he only learned about it recently, but there was a period of time between trial and sentencing, and so recently is undefined and no one's ever had the opportunity to know. Roberts. The original source of the information. The original source. Well, apart from the juror, supposedly. It happened in the restroom. It happened in the restroom. And who was the fellow that, you know, was the recipient of this juror's comment? The father of Cody Cummings. And what was that father's name? Mr. Zetto? Zetto, yes. Zetto. Yes. Now, Mr. Zetto reports that, does not report a racist comment. Again, some of the uninvestigated facts here are that Mr. Zetto says it was generally a preconceived notion of guilt. Mr. Heppard says, which is my client's father, Heppard Sr. says what was reported to him was a racist remark. And ER-78, Mr. Bruner, trial counsel, contemporaneously said what was reported was a racist remark. Now, Mr. — as I understand from the deposition of Mr. Zetto, that the district court, the Federal District Court allowed, after the district court — Yes. Further explore this issue, that in that deposition, Mr. Zetto testified that he did not relay this comment to the other fellow until after the trial. That is true. But Mr. Heppard says that's not true. And so what we have is Mr. Zetto in the deposition and Mr. Heppard Sr. We also then have Mr. Byrne, the counsel, saying at the hearing before the state court judge on the motion to dismiss when the timeliness objection was raised, that he just learned — Recently learned of it, yes. Although — Now, doesn't Mr. Zetto's testimony corroborate what Mr. Byrne was saying? And isn't that, in fact, what the district court judge magistrate found? That is what the district court magistrate found. It's hard to give, you know, unless it's clearly erroneous. It's a childhood deference by us. I believe that the district court did find that. My complaint with that is, first of all, that this is a factual dispute that's being adjudicated not on a full evidentiary hearing. Now, unlike the cases cited by the Attorney General in his brief and the case — and many of the cases discussed by me, there were actual evidentiary hearings in which the various witnesses took the stand and the testimony was explored. In this case, the court — the district court here and the magistrate are making these credibility determinations based upon a paper record. And this Court in Smith v. Zant says that's not the place to — that's not how we determine these issues of credibility. So — and, in fact, Mr. Zetto's deposition was taken in terms of preservation because he was in the military and was about to be called up, and the Court did not grant depositions of Mr. Bruner or any other evidentiary tools to Mr. Heppard in this case. Now, you're saying that the incompetence of counsel was the failure to timely file the motion. That's correct. Okay. Let's — how would timely having filed the motion affect the outcome of the case? It would have affected the outcome in this way. The trial court then, under both Washington State precedent cited in my brief at page 12, as well as Remmer and Smith and the due process cases, trial court would have been compelled to hold some kind of hearing. Now, I agree the outlines of the kind of hearing are left to the State courts, and Remmer and Smith in those cases don't say exactly what kind of hearing, but would have had to bring in the witnesses and examine them about what exactly happened. And, in fact, if racial animus had been demonstrated, I think Mr. Heppard was entitled to a presumption of an unfair trial and would have been granted a new trial. That's a lot of ifs. It is a lot of ifs. How much going have you made that the motion would have been granted? I think it's been timely made. If racial animus had been a factor in this trial, I think all of the Federal court cases, as well as State v. Jackson, which is the Washington State court. Right. What evidence do we have that the statement was evidence of racial animus on the part of the juror? The contemporaneous statements of Mr. or relatively contemporaneous of both of trial counsel at ER-78, as well as Mr. Heppard, Sr. Well, Mr. Zeto never said that. He says he did not say it, no. And he does not say that in the affidavit that he filed in support of the personal restraint petition. But no one's ever granted a hearing to hear why Mr. Heppard indicates that Mr. Zeto had told him it was racial animus, nor did anyone ever ask them to point out the juror and have the trial judge examine the juror as to what was meant by the statement. I wanted to reserve three. I see I'm into my time. I will step back and reserve whatever I have for rebuttal. Thank you. May it please the Court. I'm John Sampson, Assistant Attorney General, representing the Respondent. The district court correctly denied the petition because the State court decision in this case was neither contrary to nor an unreasonable application of clearly established Federal law. The petitioner is not entitled to relief under the State court. Did the District of Appeal actually address the merits of the ineffective assistance of counsel claim that he's raising here? Yes, Your Honor, they did. And what they said was that the petitioner had presented no competent evidence to prove that. The only thing he had presented was hearsay, the hearsay testimony of Mr. Heppard's father, who said, this is what I heard from Mr. Zeto. That was the only evidence he presented showing any actual misconduct. And therefore, the Court did deny it, and they denied it evidentiary hearing in State court because there was no evidence, direct evidence. Mr. Zeto, the person who heard the comments from the juror, said the only thing the juror said was, don't worry, we'll take care of them. He said the juror never made any racist remark. There is no direct evidence of any racist remark. The only thing there is is a hearsay statement from Mr. Heppard's father. That is not admissible evidence, and that does not entitle him to an evidentiary hearing in either State court or in Federal court. This Court's case, Morris v. State of California, this Court said the petitioner must come forward with competent evidence to obtain an evidentiary hearing in Federal court. Counsel is presumed to perform reasonably, in a reasonably competent manner, and petitioner has not rebutted that. Counsel is on the record, co-counsel is on, or co-defendant's counsel is on the record, both stating, Mr. Berner just learned of this at the time he made his post-trial motion. Mr. Zeto also is on the record with direct evidence saying, I never talked to the defense attorney, Mr. Heppard's defense attorney, I never talked to Mr. Heppard's father during the trial. It was not until after the trial. All the evidence shows that the attorney made the motion when he heard about it. He acted in a reasonably competent manner. They fail in the first prong. They also fail in the second prong because they cannot show prejudice. They cannot show that any juror misconduct actually occurred because they cannot show any prejudice. They cannot show that they could have won on a timely filed motion based on their own experience. And so the defense attorney's response is, don't worry, we'll take care of them. That's an ambiguous remark. There's no extraneous information being given from a third party to the jury. There's no evidence that the jury improperly considered evidence that was not. Well, it's improper for jurors to make any comments of any sort, like even that kind of comment. Well, if a jury – it's not proper, but that is not a basis for – Well, but maybe a trial judge might, you know, do a little and make a little inquiry about what was going on. The trial judge – Ask that juror whether the jury had reached any tentative conclusions about the case. That's true. That's true, Your Honor. Be mean by that statement. That's true. But at this point in time, that's not sufficient to reverse conviction. At this time, they have to show actual prejudice because this is not a situation where a presumption of prejudice is appropriate. When I look at what the State Court of Appeal did – I thought this was – the State Court of Appeal sets out the claim for the new trial, for ineffective assistance regarding the new trial, and then says, under Washington law, the right to a jury trial includes the right to an unbiased and unprejudiced jury. That's fine. Then it says, Heppard requests that a minimum remand for a reference hearing. The State argues that the affidavits contain inadmissible hearsay and that the unidentified juror's statement is fraught with ambiguity. Go ahead for that. This may be the proverbial close call, but as the State points out, a reference hearing will not be granted absent evidence showing that the factual allegations are based on more than speculation, conjecture, or inadmissible hearsay. Consequently, Heppard's claimed error fails. So are they saying that there just isn't enough there to show ineffective assistance, or are they saying that there's no basis for evidentiary hearing? They're saying both, Your Honor. They're saying the record before the court is not sufficient to show ineffective assistance to counsel, and Mr. Heppard has not come forward with sufficient evidence to get a reference hearing to further develop the record before the court. Therefore, his claim fails. The same as the claim failed in the district court below, he had not come forward with sufficient evidence to show that he could succeed on a claim of ineffective assistance to counsel. The court did address the merits. They said your claim fails, you're not entitled to a hearing to further develop your claim. Unless the court has further questions, we would ask, the Respondent would ask that the court affirm the district court judgment. Thank you. Thank you very much, counsel. Briefly in rebuttals, Your Honor. The problem in this case is the catch-22. The State argues first and has argued throughout, as in the court of appeals found, that Heppard hadn't shown sufficient facts. Mr. Heppard, because the State trial court had not granted any hearing and because it had deemed his trial counsel's objection too late, there had never been a full evidentiary hearing. He went out and got the affidavits he could get. Obviously, he can't get an affidavit from the juror at that point. He doesn't know who they are. It has not – that juror was not pointed out in open court. So the State says you haven't got sufficient facts. Heppard has asked at every level to have a full evidentiary hearing in exploration of those facts. And the State has come back and said, don't give him the evidentiary hearing. I ask that this Court – I'm not asking this Court to reverse it on ineffective assistance of counsel. I'm not asking this Court to reverse it on the basis of racial animus. I'm asking this Court to give Mr. Heppard the opportunity to present the witnesses that he has, to seek to identify the juror who made the contact with Mr. Morton's father in the bathroom, and have the facts explored by a confident trier of fact to make – to resolve the ambiguities noted by the State appellate court, and to explore all of the varying reports about this juror's misconduct. Thank you very much. Heppard v. Moore is submitted. You will take up Morandi's ink, or State's tractor and equipment, by voting it off.
judges: Wardlaw, Noonan, Paez